UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LaSALLE (O.N. 560617), DeSOTO (O.N. 560009) and MISS NARI (O.N. 262761), their boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc., *in rem*,<br><br>Defendants. | In Admiralty<br><br>Civil No.: 1:10-cv-00753 |

**VERIFIED COMPLAINT FOR FORECLOSURE OF FIRST PREFERRED SHIP MORTGAGE AGAINST LaSALLE, DeSOTO, and MISS NARI, ETC., *IN REM***

The complaint of Plaintiff, United States of America, alleges upon information and belief as follows:

1.      This is a case within the admiralty and maritime jurisdiction of this Honorable Court, as hereinafter more fully appears, and plaintiff's claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Plaintiff is the United States of America, a sovereign nation, authorized to sue by 28 U.S.C. § 1345.

3. At all times material hereto, the defendant Vessels, LASALLE (O.N. 560617), DESOTO (O.N. 560009) and MISS NARI (O.N. 262761) (hereinafter the "VESSELS"), their engines, boilers, lockers, machinery, masts, spars, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances, etc., whether on board or not, and any and all additions, improvements, and replacements thereto, were documented VESSELS of the United States operating in the Mississippi, Missouri, and Ohio River trades, and are now within the navigable waters of this District and within the jurisdiction of this Honorable Court.

4. On October 23, 1997, in order to partially finance the construction of the LASALLE and the DESOTO, Riverbarge Excursion Lines, Inc. (hereinafter the "Shipowner") issued United States Government Guaranteed Ship Financing Bonds, 1997 Series, pursuant to a trust indenture dated October 23, 1997 (the "Original Indenture," a copy of which is attached as Exhibit A), between the Shipowner and First National Bank of Commerce as indenture trustee (the "Indenture Trustee"), in the principal amount of $15,941,000 and at the interest rates set forth therein (the "Original Obligations").

5. On October 23,1997, pursuant to the provisions of then Title XI of the Merchant Marine Act, 1936, now codified at 46 U.S.C. §§ 53701, *et seq.*, (the "Act"), the United States Department of Transportation, Maritime Administration, acting by and through the Maritime Administrator (the "Secretary") guaranteed payment of the principal

of and interest on the Original Obligations (the "First Guarantee") in the event of default by the Shipowner under the terms of the Trust Indenture (the "First Guarantee Transaction").

6. On October 23, 1997, as part of the First Guarantee Transaction, the Shipowner duly made, executed, and delivered to the Secretary a promissory note in the principal amount of the Original Obligations, bearing interest at the same rate as set forth therein, to be paid semi-annually on June 15 and December 15 of each year, commencing June 15, 1998, until maturity (the "Original Secretary's Note," a copy of which is attached as Exhibit B).

7. The Original Secretary's Note is payable on the same terms and conditions as the Original Obligations, and any payment of the Original Obligations, other than by the Secretary, is a payment of the Original Secretary's Note.

8. As security for the due and timely payment of the Original Secretary's Note, the Shipowner executed and delivered to the Secretary a security agreement, Contract No. MA-13329, dated as of October 23, 1997 (the "Original Security Agreement," a copy of which is attached as Exhibit C).

9. The VESSELS were delivered on September 15, 1998, and on that same date, pursuant to Supplement No. 1 to the Trust Indenture (the "1998 Indenture Supplement," a copy of which is attached as Exhibit D), the Shipowner issued its United States Government Guaranteed Ship Financing Bonds, 1998 Series, in the principal amount of

$2,421,000, and at the interest rate of 5.95% (the "Second Obligations"), the principal of and interest on which are guaranteed by the Secretary (the "Second Guarantee Transaction") under the terms of the Act.

10.     On September 15, 1998, as part of the Second Guarantee Transaction, the Shipowner duly made, executed, and delivered to the Secretary a promissory note in the principal amount of the Second Obligations, bearing interest at the same rate as set forth therein, to be paid semi-annually on June 15 and December 15 of each year, commencing December 15, 1998, until maturity (the "Second Secretary's Note," a copy of which is attached as Exhibit E).

11.     As security for the due and timely payment of the Second Secretary's Note, the Shipowner executed and delivered to the Secretary Amendment No. 1 to the Original Security Agreement, Dated September 15, 1998 (the "Second Security Agreement," a copy of which is attached as Exhibit F).

12.     As additional security for the due and timely payment of the Original and the Second Secretary's Notes, and all amounts owed the Secretary under the Original and the Second Security Agreements, the Shipowner executed and delivered to the Secretary a preferred fleet mortgage, Contract No. MA-13332, dated September 15, 1998, which grants the Secretary a lien on the LASALLE (O.N. 560617) and the DESOTO (O.N. 560009) (the "Mortgage," a copy of which is attached as Exhibit G).

13. The Original and Second Secretary's Notes incorporate by reference the provisions of the Original and the Second Security Agreements and the Mortgage, and the Mortgage, in turn, incorporates by reference the provisions of the Original and the Second Security Agreements, with the exception of the granting clauses.

14. The Mortgage was recorded with the United States Coast Guard Documentation Center at Falling Waters, West Virginia, on September 15, 1998, and is recorded in Book 98-78, Page 584.

15. On June 15, 2000, and pursuant to Supplement No. 2 to the Trust Indenture (the "2000 Indenture Supplement," a copy of which is attached as Exhibit H), the Shipowner issued its United States Government Guaranteed Ship Financing Bonds, 2000 Series, in the principal amount of $1,819,000, at and interest rate of 7.75% (the "Third Obligations"), which were guaranteed by the Secretary under the terms of the Act.

16. Similar to the previous transactions, the Shipowner made and delivered to the Secretary an endorsement to the Original and Second Secretary's notes (the "Third Secretary's Note," a copy of which is attached as Exhibit I); and as security for the due and timely payment thereof, the Shipowner executed and delivered to the Secretary Amendment No. 2 to the Security Agreement (the "Third Security Agreement," a copy of which is attached as Exhibit J), and Supplement No. 1 to the Mortgage (the "First Mortgage Supplement," a copy of which is attached as Exhibit K), which, *inter alia*, added the MISS NARI (O.N. 262761) to the lien of the Mortgage.

17. Similar to the previous transactions, the Third Secretary's Note is payable on the same terms and conditions as the Third Obligations, and any payment of the Third Obligations, other than by the Secretary, is a payment of the Third Secretary's Note.

18. On March 7, 2003, the Shipowner and the successor Indenture Trustee, Bank One Trust Company, N.A., executed Supplement No. 3 to the Indenture (the "2003 Indenture Supplement," a copy of which is attached as Exhibit L), whereby the entire Title XI debt was restructured by deferring payment principal and changing the repayment schedule from that of level principal to level debt (the "Deferment").

19. The Shipowner failed to make its debt service payment on June 15, 2006, and pursuant to Section 6.09 of the Original Indenture and to the Secretary's Supplement Indenture, dated July 13, 2006 (the "SSI," a copy of which is attached as Exhibit M), the Secretary assumed the Original, Second, and Third Obligations as modified by the Deferment.

20. The Secretary made the June 15, 2006, debt service payment in the amount of $801,407.50, for which the Shipowner made, executed and delivered to the Secretary a promissory note in the amount of $801,407.50, plus interest at 6.7% per annum (the "Secretary's Supplemental Note," a copy of which is attached as Exhibit N).

21. As security for the due and timely payment of the Secretary's Supplemental Note, the Shipowner executed and delivered to the Secretary Amendment No. 3 to the Security Agreement (the "Fourth Security Agreement," a copy of which is attached as

Exhibit O).

22.    The Shipowner made debt service payments thereafter on December 15, 2006, June 15, 2007, December 15, 2007, and June 15, 2008, but failed to make its debt service payment on December 15, 2008.

23.    The Secretary made the December 15, 2008, debt service payment in the amount of $802,189.99, and the Shipowner surrendered the VESSELS to the Secretary in January 2009 on the Mississippi River, whence the Secretary transported them to the Secretary's Reserve Fleet in Beaumont, Texas, where they have been secured and maintained ever since at the Secretary's sole expense.

24.    The Secretary has taken all action necessary to establish and impose a preferred fleet mortgage lien on the defendant VESSELS herein, and has not waived the preferred status of the Mortgage. (A copy of United States Coast Guard Form 1330, Certificate of Ownership, is attached hereto as Exhibit P.)

25.    Pursuant to the final paragraph of Section 3.06 of the Original Indenture, on April 17, 2009, the Secretary sent a Notice of Redemption to the Indenture Trustee. (A copy of the Notice of Redemption is attached as Exhibit Q.)

26.    On April 27, 2009, the Trustee gave notice of such redemption to the Holders (a copy of the Trustee's Notice is attached as Exhibit R), and the Secretary deposited the requisite funds for the redemption with instructions that the Trustee pay the Holders on May 27, 2009. (A copy of the Trustee's emailed receipt of such funds is

attached as Exhibit S.)

27. By letter dated June 9, 2009, the Secretary (a) notified the Shipowner of the redemption of the outstanding Obligations; (b) accelerated the maturity of the principal of and interest on the Obligations; and (c) demanded immediate payment of all the Secretary's Notes (a copy of the June 9, 2009, letter is attached as Exhibit T).  Said payments have not been made.

28. A failure to make payment of the Obligations constitutes a Default under the Mortgage and the Security Agreement, and, upon the aforementioned payment by the Secretary under the Secretary's Guarantee of the Obligations, constitutes a Default under the Secretary's Notes.

29. Upon a Default under the terms of the Mortgage and payment of the Guarantee by the Secretary, the Secretary, on behalf of the United States, has the right to exercise all of its *in rem* rights and remedies as provided in the Mortgage, including the right to foreclose under Title 46, Chapter 313 of the United States Code.

30. As of September 15, 2010, the Shipowner owes the Secretary $20,299,654.73 as principal and interest on the mortgage debt, which amount is increasing by $3,872.46 *per diem* (*see* Declaration of Kenneth T. Kirwan, including a calculation of the debt and interest, attached as Exhibit U).

31. The Current Shipowner's defaults have not been cured and the Shipowner remains in default and the sums due and owed the United States remain unpaid.

WHEREFORE, plaintiff, United States of America, prays:

1. That actual notice of the commencement of this suit, in the manner approved by the Court, be given as specified, and to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the VESSELS;

2. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims (as amended), this Honorable Court enter an order authorizing a warrant for the arrest of the VESSELS;

3. That a warrant be issued for the arrest of the VESSELS, together with their boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc., whether now owned or hereafter acquired, whether on board or not;

4. That plaintiff be declared the holder of a valid preferred fleet mortgage lien on the VESSELS, to the extent of its claims herein;

5. That judgment of condemnation and sale be entered against said VESSELS, their boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc., to said VESSELS, whether now

owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals, and replacements made to said VESSELS;

6. That an order for interlocutory sale of the VESSELS be issued pursuant to Supplemental Admiralty Rule E(9)(b);

7. That the VESSELS be sold and the proceeds of the sale of the VESSELS, their boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc., be applied first to costs and expenses associated with this action and then applied to payments of the outstanding obligations and the amounts secured by the Mortgage, together with interest thereon;

8. That the Court order judgment in favor of the plaintiff against the VESSELS, their boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc., *in rem*, for all sums due and owing to the Secretary, for all insurance premiums and other care and preservation costs of the VESSELS paid by the plaintiff after the date of the commencement of this action, for reasonable attorney's fees, and for the costs of this suit incurred herein;

9. That the Court decree that any person, firm or corporation claiming any interest in the VESSELS or against the VESSELS, their boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping

equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc., be forever barred and foreclosed as to any right, equity of redemption, claim, or lien in or against the VESSELS, and every part thereof; and

10. That plaintiff have such other and further relief as may be just and proper.

DATED: November 23, 2010.

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General

        JOHN M. BALES
        United States Attorney

        /s/Edmund M. Ferguson
        EDMUND M. FERGUSON
        Trial Attorney
        Tel:   (202) 616-4029
        Fax:  (202) 616-4159
        E-mail:  Edmund.Ferguson@usdoj.gov

        STEPHEN CAMPBELL
        Senior Trial Counsel
        Tel:   (202) 616-4026
        Fax:  (202) 616-4002
        E-mail:  stephen.campbell@usdoj.gov

        Torts Branch, Civil Division
        U.S. Department of Justice
        Post Office Box 14271
        Ben Franklin Station
        Washington, DC  20044-4271
        Tel:   (202) 616-4026
        Fax:  (202) 616-4002
        E-mail:  stephen.campbell@usdoj.gov

**VERIFICATION**

I am an attorney employed the Aviation & Admiralty Office, Torts Branch, Civil Division, U.S. Department of Justice, and one of the attorneys for plaintiff United States of America herein, and make this verification by authority of plaintiff and on its behalf. I have reviewed the foregoing Complaint, know the contents thereof, and, from information officially furnished to me, believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing in true and correct.

Executed this 23rd day of November, 2010

    /s/Edmund M. Ferguson
    EDMUND M. FERGUSON

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was mailed, first class postage pre-paid, this 23rd day of November, 2010, to the following entities and counsel of record:

>Riverbarge Excursions Lines, Inc.
>201 Opelousas St.
>New Orleans, LA 70114

>/s/Edmund M. Ferguson
>EDMUND M. FERGUSON